**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AUTREY M. KELLEY MARTIN, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| NCO FINANCIAL SYSTEMS, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Autrey M. Kelley Martin brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. defendant's collection communications were received by plaintiff within this District; and

   b. defendant does or transacts business within this District.

### PARTIES

5. Plaintiff Autrey M. Kelley Martin is an individual who resides in the

1

Northern District of Illinois.

6. Defendant NCO Financial Systems, Inc. is a corporation with offices at 507 Prudential Road, Horsham, Pennsylvania. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois.

7. NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NCO Financial Systems, Inc. holds a collection agency license from the State of Illinois.

9. NCO Financial Systems, Inc. is a debt collector under the FDCPA.

## FACTS

10. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred with American Express for personal, family or household purposes, and not for business purposes. The debt dates back to the 1990s, and is time-barred.

11. On August 15, 19, and 20, 2009, plaintiff received the following telephone message on her voicemail:

> **This is NCO Financial calling in regards to an important business matter. Please return our call today at (800) 260-5570. Thank you.**

12. All of the messages were identical.

13. The number (800) 260-5570 is issued to defendant.

14. The calls did not state that the calls were for debt collection purposes.

15. On information and belief, defendant has a standard policy and practice of leaving recorded or scripted telephone messages that do not state that the call is for collection purposes.

## CLASS ALLEGATIONS

16. This claim is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 773 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not state that the call was for collection purposes (e) during a

period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17. The class is so numerous that joinder of all members is impracticable.

18. There are more than 50 persons in the class defined in this complaint.

19. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violate the FDCPA.

20. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

21. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

22. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

## VIOLATION ALLEGED

23. Defendant's telephone messages violated 15 U.S.C. §1692e(11).

24. Each telephone message was a "communication" within the meaning of 15 U.S.C. §1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

25. The telephone messages violate 15 U.S.C. §1692e(11) because the messages do not contain the warning required by 15 U.S.C. §1692e(11).

26. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action....**

27. Attached hereto as <u>Exhibit A</u> is a verification of the complaint, under penalty of perjury, by the plaintiff.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class, and against defendant, for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

  Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                /s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

5